AUSTIN TERM, 1890.

N. S. EASTON ET AL. V. W. M. WATERS.

(No. 6313.)

APPEAL from Dallas County.  Opinion by WILLSON, J.

R. DE ARMOND, counsel for appellant.

No counsel appeared for appellee.

§ 71. *Railroad companies; need not stop train at sta-
tion to allow passenger to get off and purchase ticket to
another station; ejection of passengers.*  Appellee sued
to recover $1,000 damages alleged to have been sustained
by him by reason of his having been wrongfully ejected
from a passenger train operated by appellants.  He re-
covered judgment for $50 damages.  Substantially the
facts of the case are that appellee purchased a ticket
from Dallas to Plano and took passage upon the train.
Upon reaching Plano he concluded to go on to the next
station, Allen, and, not having purchased a ticket from
Plano to Allen, he paid his fare at the rate of four cents
per mile.  Upon reaching Allen he concluded to go on to
McKinney, and requested the conductor to hold the train
at Allen until he, appellee, could purchase a ticket to
McKinney.  This the conductor refused to do, but
stopped the train at Allen the usual time.  When the
conductor demanded of appellee the fare from Allen to
McKinney at the rate of four cents per mile, appellee re-
fused to pay said rate, but offered to pay fare at the rate
of three cents per mile.  The difference in the two rates
of fare from Allen to McKinney amounted to the in-
significant sum of five cents.  Upon appellee's refusing to
pay the fare demanded by the conductor, the conductor

told him that he must either pay said rate or leave the train. The appellee replied that he would not pay said rate, and would not leave the train unless forced to do so. Thereupon the conductor used sufficient force to eject appellee from the train, but appellee immediately got upon the train again, and paid the fare demanded by the conductor, and was transported on the train to McKinney. We are of opinion that the evidence fails to show any cause of action for damages. There is no law of this state which requires that a passenger train shall wait at a station for persons to obtain tickets. Such a requirement would give rise to much inconvenience to the traveling public as well as to railway companies. It was at one time required by statute of this state that passenger trains should stop at stations at least five minutes, but this statute was found to be unwise, and was repealed. This action, it seems to us from the evidence, is a frivolous one, actuated by improper motives on the part of appellee. If he was injured at all, it was because of his own fault, and his conduct shows that he was seeking a cause of action against appellant. We think the verdict and judgment are unwarranted by the evidence and the law.

April 12, 1890.          Reversed and remanded.